UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| L. RUTHER, | : | CIVIL NO: 1:13-CV-01641 |
| Plaintiff, | : | |
| | : | (Judge Conner) |
| v. | : | |
| STATE KENTUCKY OFFICERS, | : | |
| | : | (Magistrate Judge Schwab) |
| Defendants. | : | |

## **REPORT AND RECOMMENDATION**

The plaintiff, L. Ruther ("Ruther"), proceeding *pro se*, has filed a complaint and a motion to proceed *in forma pauperis*. For the following reasons, we recommend that Ruther's motion to proceed *in forma pauperis* be granted, but in accord with 28 U.S.C. § 1915(e)(2)(B)(ii) the complaint should be dismissed, without prejudice, for Ruther's failure to state a claim upon which relief may be granted by failing to comply with Rule 8 of the Federal Rules of Civil Procedure.

**II.** **The *In Forma Pauperis* Statute – 28 U.S.C. § 1915**.[1]

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may authorize the commencement of a civil suit, without prepayment of fees, by a "person" who submits an affidavit that includes a statement that the person is unable to pay such fees. Moreover, the statute authorizes the dismissal of a case, at any time, if the

---

[1] This statute is not restricted to prisoner lawsuits. *Powell v. Hoover*, 956 F.Supp. 564, 566-67 (M.D.Pa. 1997).

1

Court determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Thus, this Court must engage in a two-step analysis.

First, the Court must evaluate the litigant's financial status and determine whether (s)he is eligible to proceed *in forma pauperis*. *Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990). The litigant seeking such status must establish that (s)he is unable to pay the costs of her suit. *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Ordinarily, where an affidavit of poverty is filed, the plaintiff should be accorded a preliminary right to proceed *in forma pauperis*. *Lawson v. Prasse*, 411 F.2d 1203 (3d Cir. 1969).

Second, the Court has an on-going statutory obligation to review *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*, in cases which seek redress against government officials. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if

the court determines that ... the action ... fails to state a claim upon which relief may be granted."

With respect to this benchmark standard for legal sufficiency of a complaint, the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir.2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*[, 556 U.S. 662],129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State*

*Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." *Id.* at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In keeping with the principles of *Twombly*, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume

4

their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

Thus, following *Twombly* and *Iqbal* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the Third Circuit has stated:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

*Fowler*, 578 F.3d at 210–11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' *Iqbal*, 129 S.Ct. at 1947. Second, the Court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' *Id.* at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then

determine whether they plausibly give rise to an entitlement for relief.' *Id.*" *Santiago v. Warminster Tp.*, 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

Last, a complaint filed by a *pro se* litigant is to be liberally construed and held to a less stringent standard than formal complaints drafted by a lawyer. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 10-4710, 2013 WL 57895 at *4 (3d Cir. Jan. 7, 2013).

Applying these standards, we find that Ruther's complaint should be dismissed for his failure to state a claim by failing to comply with Rule 8 of the Federal Rules of Civil Procedure.

## IV. Discussion.

Although we find that Ruther has shown an inability to pay warranting the Court to grant his motion to proceed *in forma pauperis*, we nevertheless recommend that the complaint be dismissed because he fails to comply with Rule 8's basic tenet that: "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."

Dismissal of this complaint is appropriate since it is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed.R.Civ.P. 8(a)(2), and that each averment be 'concise and direct,' Fed.R.Civ.P. 8(e)(1)." *Scibelli v. Lebanon County*, 219 F. App'x 221, 222 (3d Cir. 2007). Thus, when a complaint is "illegible or incomprehensible", *id*., or when a complaint "is also largely unintelligible," *Stephanatos v. Cohen*, 236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is clearly appropriate. *See*, *e.g.*, *Mincy v. Klem*, 303 F. App'x 106 (3d Cir. 2008). Furthermore, dismissal under Rule 8 is proper when a complaint "[leaves] the defendants having to guess what of the many things discussed constituted [a cause of action];" *Binsack v.*

*Lackawanna County Prison*, 438 F. App'x 158 (3d Cir. 2011), or when the complaint is so "rambling and unclear" as to defy response. *Tillio v. Spiess*, No. 11-1276, 2011 WL 3346787 (Aug. 4 2011). Finally, a complaint may be dismissed under Rule 8 when the pleading is simply illegible and cannot be understood. *See, e.g.*, *Moss v. United States*, 329 F. App'x 335 (3d Cir. 2009).[8]

Here, we find that Ruther's complaint is wholly unclear, unintelligible, and illegible. In fact, the Court struggles to decipher the words contained in the complaint. If the Court is struggling, surely the defendants would be left with having to guess what, of the things discussed, constitute a cause of action. The Court is further concerned that it does not have subject matter jurisdiction over this lawsuit. In one instance, Ruther seems to invoke our original jurisdiction (*see Doc.* 1), but on his civil cover sheet (*Doc.* 1-1), he refers to the case as one involving our diversity jurisdiction sounding in the law of contracts. In a similar fashion, Ruther fails to allege facts regarding the Court's personal jurisdiction over defendant State Kentucky Officers, or that the action, in general, should even be heard in the Middle District of Pennsylvania.

---

[8] In the first instance, Rule 8 dismissals are often entered without prejudice to allowing the litigant the opportunity to amend and cure any defects. In such instances, the failure to timely submit a proper amended complaint that complies with the strictures of Rule 8 may then warrant the dismissal of the complaint with prejudice. *See, e.g.*, *Moss v. United States*, 329 F. App'x 335 (3d Cir. 2009) (dismissing illegible complaint); *Mincy v. Klem*, 303 F.App'x 106 (3d Cir. 2008); *Rhett v. New Jersey State Superior Court*, 260 F.App'x 513 (3d Cir. 2008).

While this reviewing merits analysis calls for dismissal of this action in its current form, we recommend that Ruther be given another, final opportunity to further litigate this matter by endeavoring to promptly file an amended complaint. We recommend this course mindful of the fact that in civil rights cases *pro se* plaintiffs should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, *see Fletcher–Hardee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend is not necessary where amendment would be futile or result in undue delay, *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). Accordingly, it is recommended that the Court provide Ruther with an opportunity to correct his complaint, by dismissing this deficient complaint at this time, without prejudice to one final effort by him to comply with the rules governing civil actions in federal court.

## V. <u>Recommendation</u>.

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that:

(1) Ruther's request to proceed *in forma pauperis* (*Doc*. 2) be **GRANTED**; and

(2) Ruther's complaint (*Doc*. 1) be **DISMISSED** without prejudice to providing him one final opportunity to endeavor to correct the defects cited in this report.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this **21st** day of **June, 2013**.

*S/ Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge